**In re David VOLK.**

**Appeal No. 80–596.**

United States Court of Customs and Patent Appeals.

Nov. 20, 1980.

Rehearing Denied Jan. 8, 1981.

Richard J. Egan, John F. Smith, Cleveland, Ohio, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents and Trademarks; Jere W. Sears, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

MARKEY, Chief Judge.

Volk appeals from the Patent and Trademark Office Board of Appeals (board) decision dismissing his appeal for lack of jurisdiction. We affirm.

## Background

On September 25, 1975, Volk filed an infringement suit against Wesley–Jessen, Inc. (Wesley) in the U. S. District Court for the Northern District of Ohio, Eastern Division. Wesley answered and counterclaimed for a declaration of invalidity and non–infringement.

Following nineteen months of discovery proceedings, Volk moved the district court for a stay while he filed and prosecuted an application for reissue of his patent 3,482,-906 ('906).

Volk filed his reissue application on April 12, 1977, citing all prior art relied on by Wesley in the district court. On June 9, 1978, the examiner rejected it under 35 U.S.C. § 251, finding no statutory basis for reissue[1] and saying the patent was not rendered wholly or partly inoperative or invalid by the prior art. In so stating, the examiner said: "Applicant's claims are drawn to a corneal contact lens test series containing a large number of lenses with posterior surfaces . . . ." Volk objected, saying his claims were not directed to a "test series" or even to a "series", but to any individual lens of the defined series.[2]

1. The examiner's action was in accord with Manual of Patent Examining Procedure § 1401.08 (3rd ed.) (now § 1446 (4th ed.)), reading in pertinent part:

   If a reissue application is filed as a result of new prior art with no changes in the claims or specification and the examiner finds the claims patentable over the new art, the application will be rejected as lacking statutory basis for a reissue, since 35 U.S.C. § 251 does not authorize reissue of a patent unless it is deemed wholly or partly inoperative or invalid.

This section is based on 35 U.S.C. § 251, which reads in pertinent part: "Whenever any patent is . . . deemed wholly or partly inoperative or invalid . . . the Commissioner shall . . . reissue the patent . . . ."

2. Claim 1 is typical:

   1. A series of corneal contact lenses with the corneal surface of each lens being a continuous and regular aspheric surface of revolution of conoid type which decreases in curvature from apex to peripheral edge, said lenses being arranged with reference to their corneal surfaces in a graded series of apical radii of curvature of said surfaces with val-

(Volk was asserting that claim construction in the district court.)

The examiner agreed that "test series" was error, but persisted in interpreting Volk's claims as drawn to an entire series, saying "It is the recited combination of lenses as a series that is considered to be patentable." The examiner refused to consider the validity of the claims as construed by Volk.

Volk petitioned the Commissioner to expunge the examiner's statements. The Assistant Commissioner denied the petition, saying examiners must understand and interpret claims in order to examine them. The Assistant Commissioner did not, however, comment on the correctness of the examiner's construction.

In denying Volk's petition for reconsideration, the Assistant Commissioner pointed to the references throughout Volk's application to a "series" of lenses, noted that Volk's claims recite a "series", and described the examiner's construction as not "clear error" or an "abuse of discretion."

Volk's appeal to the board was dismissed for lack of jurisdiction. Saying jurisdiction must be found in 35 U.S.C. § 7[3] or in 35 U.S.C. § 134,[4] the board said allowance of all claims was not an adverse decision (§ 7) and no claim had been twice rejected (§ 134); hence it did not have jurisdiction. The board did not determine or discuss the correctness of the examiner's construction of Volk's claims.

### Issue

The sole issue is the correctness of the board's holding that it lacked jurisdiction.

ues ranging from 6.50 mm. to 8.50 mm. in steps of 0.05 mm. and having eccentricities of 0.4 to 1.6 in steps 0.1 units for each apical radius, and of sufficient thickness for providing optically coacting front surfaces.

3. 35 U.S.C. § 7 reads, in pertinent part:
   § 7. Board of Appeals
   The Commissioner, the deputy commissioner, the assistant commissioners, and the examiners-in-chief shall constitute a Board of Appeals, which on written appeal of the appli-

### OPINION

Volk argues that the construction given his claims is an "adverse decision" and thus appealable to the board under § 7. We disagree.

In *In re Hengehold*, 440 F.2d 1395, 58 CCPA 1099, 169 USPQ 473 (1971), the relationship between § 7 and § 134 was explained as follows:

Section 7, appearing in Chapter I of Title 35 relating to establishment of the Patent Office, its officers and functions, provides in general terms *an organization* or *vehicle* for review of adverse decisions. Section 134, appearing in Chapter 12 of Title 35 relating to examination of applications, is among the sections establishing *the statutory right* an *applicant* has during the examination proceeding. To determine what statutory rights of review an applicant has and thus what kind of "adverse decisions" of examiners are reviewable by the board on appeal by applicants, it is necessary, we think, to turn to § 134. Reading § 7 and § 134 *in pari materia*, as we must, we feel that the *kind* of adverse decisions of examiners which are reviewable by the board must be those which relate, at least indirectly, to matters involving the *rejection* of claims.

58 CCPA at 1110–11, 440 F.2d at 1404, 169 USPQ at 479–80 (emphasis in original). See *In re Voss*, 557 F.2d 812, 816, 194 USPQ 267, 270 (Cust. & Pat.App.1977); *In re Haas*, 486 F.2d 1053, 1056, 179 USPQ 623, 626 (Cust. & Pat.App.1973).

There has been no decision here relating either directly or indirectly to the rejection of a claim. Volk's allegation that the examiner assigned an improperly narrow claim construction, if proven correct, does

cant, shall review adverse decisions of examiners upon applications for patents.

4. 35 U.S.C. § 134 reads as follows:
   § 134. Appeal to the Board of Appeals
   An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Appeals, having once paid the fee for such appeal.

**610**

not convert that examiner's ruling into one rejecting the claims presented. If an examiner's narrowing construction suggests a need for broader claim language, an applicant may present broader claims and obtain a ruling on the validity of those broadened claims.[5]

Volk incorrectly says the examiner's refusal to construe the claims broadly is a rejection of broadened claims. No such "broadened" claims were presented. Though an applicant has a right to claim what "he" regards as his invention under 35 U.S.C. § 112, it is a function of the examiner to construe the claims presented. In performing that function, a refusal to construe the claims more broadly than is considered warranted by the claim language is not a rejection.

Volk argues that authority for the board's exercise of jurisdiction is found in *Ex Parte Ernst*, 1885 C.D. 101, 33 O.G. 234 (1885), wherein it was said, "If upon such examination upon the merits it should be determined that the original patent is not 'inoperative or invalid,' . . . the Examiner will reject . . . whereupon an appeal will lie to the Examiners–in–Chief." As the board stated here, however, its jurisdiction is limited to that specified in the statute. Moreover, although the appeal approved in *Ernst* was later authorized by former Rule 133,[6] that rule was replaced by successor Rule 191,[7] which does not authorize such appeals.

### Conclusion

The Board of Appeals correctly held it did not have jurisdiction to hear Volk's appeal.

*AFFIRMED.*

5. Had the examiner here rejected such a broader claim for any reason, jurisdiction of the board under § 134 would have been clear.

6. Old Rule 133, adopted in 1888, reads in pertinent part:
[E]very applicant for the reissue of a patent, whose claims have been twice rejected . . . on the ground that the original patent is not "inoperative or invalid," or if so inoperative or invalid that the errors which rendered it so did not arise from "inadvertence, accident, or mistake," may . . . appeal from the decision of the primary examiner to the examiners–in–chief.

7. Rule 191 (37 C.F.R. § 1.191 (1980)), reads in pertinent part:
    (a) Every applicant for a patent or for reissue of a patent, any of the claims of which have been twice rejected, or who has been given a final rejection (§ 1.113), may, upon the payment of the fee required by law, appeal from the decision of the primary examiner to the Board of Appeals within the time allowed for response.